I2LEBLANC, Judge.
The Department of Public Safety and Corrections (Department) appeals the decision of the State Police Commission (Commission) reversing the suspension of Johnell Temple (Temple) and ordering the Department to pay Temple all salary and other emoluments lost between August 7 and November 24, 1992. For the following reasons, we affirm.
Temple was employed by the Department as a State Police Trooper with permanent status. Between August 7, 1992, and November 24, 1992, Temple was placed on Leave Without Pay status. Written reasons for placing Temple on Leave Without Pay were never issued by the Department nor were they given to Temple. On November 30, 1992, Temple was terminated.
By petition received December 18, 1992, Temple appealed to the Commission, seeking review of the Department’s action of placing him on Leave Without Pay status. After a hearing, the Commission issued a decision concluding the action of the Department in putting Temple on Leave Without Pay status was, in effect, a suspension, and was in violation of State Police Commission Rules. The Department was ordered to pay Temple all salary and other emoluments lost, subject to an offset for all wages earned, and the Department was also ordered to remove all references relating to the improper suspension from Temple’s personnel file. The Department was also ordered to pay Temple and his attorney the amount of $500.00 as attorney’s fees.
The Department appeals, asserting the Commission erred: 1) in assuming jurisdiction over the issue, since no timely appeal was taken; and, 2) in concluding Temple’s Leave Without Pay status was improper.
LEAVE WITHOUT PAY STATUS
The Department argues it was not improper to put Temple on Leave Without Pay status. Leave of Absence Without Pay is defined by Rule 1.20 of the State Police Commission Rules as “leave or time off from work granted by the appointing authority, for which period the employee receives no pay.” Rule 11.27, the State Police Commission rule which regulates Leave Without Pay status, provides:
liill.27 Leave of Absence Without Pay.
(a) An appointing authority may extend leave of absence without pay to an employee for a period not to exceed one year, provided that such leave shall not prolong the period of his appointment.
(b) After presenting justifiable reasons in writing to the Director and with the approval, an appointing authority may extend to a permanent employee leave of absence without pay for a period or periods in excess of one year.
(e) The appointing of a provisional employee who fails to return to duty in pay status on or before the first working day following the expiration date of any peri *1175 od of leave without pay extended him shall terminate as of the close of business on such expiration date.
(d) The appointment of an employee who has not completed his probationary period and who fails to return to duty in pay status on or before the first working day following the expiration date of any period of leave without pay extended him shall terminate as of the close of business on such expiration.
(e) A permanent employee who has been extended leave of absence without pay under the provisions of Subsection (a) or (b), or both, hereof shall be restored to duty in pay status on or before the first working day following the expiration of such leave of absence. If the employee fails to report for or refuses to be restored to duty in pay status on the first working day following the expiration of his approved leave of absence without pay, or at an earlier day upon reasonable and proper notice from his appointing authority, he shall be considered as having deserted his position and shall be removed in accordance with the provisions of Chapter 12 od [sic] these Rules.
(f) An appointing authority on its own initiative or at the request of the employee may curtail a period of leave of absence without pay extended to an employee, provided such curtailment is for the best interest of the State service and reasonable and proper notice thereof is furnished to the employee. Curtailment must not conflict with the provisions of Rule 11.26(b).
(g) In addition to any disciplinary action which may be imposed against an employee for an unapproved absence, such employee may be placed on leave without pay by his appointing authority for the period of unapproved absence.
Clearly, from a complete reading of the rule regulating Leave of Absence Without Pay, this leave status is initiated by the employee, unless imposed by the appointing authority for an unapproved absence. Temple did not request Leave Without Pay, nor was it imposed for an unapproved absence.
The State Police Commission Rules do not recognize or include a Mandatory Leave Without Pay status, as evidenced by the letter from State Police Commission Director Jane Orr to Colonel Paul Fontenot, Deputy Secretary for the Department, withholding approval of Leave |4Without Pay status until receipt of Temple’s request for Leave Without Pay. When the Department imposed Leave of Absence Without Pay status on Temple it was improper and in violation of the State Police Commission Rules. This assignment is without merit.
TIMELINESS
The Department also argues Temple’s request for review was untimely. State Police Commission Rule 13.12 provides, in pertinent part:
13.12 Delay for Making Appeal
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Police Commission (located at 1885 Wooddale Boulevard, Suite 1111, Baton Rouge, Louisiana), or (ii) is addressed to the Director of the State Police Commission at Post Office Box 66555, Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office:
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. With thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
The Department takes the position that the thirty day period allowed by Rule 13.12 began to run on August 7, 1992, the day on which Temple’s status had been retroactively changed from active duty to Leave Without Pay. However, the record reveals that after August 7, Temple, unsure of his status or his *1176 standing with the Department, began official inquiry with the Department as to his position. On August 31 and again on September 16, 1992, counsel for Temple requested information as to Temple’s status. By letter dated August 31,1992, Temple stated he had no description of his status with the Department, desired to return to work, and sought a response within ten days. The letter dated September 16, 1992, sent after receiving no response from the Department, “assume[s] that Trooper Temple maintains good standing with the Louisiana State Troopers ... [and will] report for duty on September 28, 1992.” A return letter from the Department on September 22, 1992, informs Temple’s counsel that “Dr. Vance Byars has advised that Trooper Temple cannot come back to work” and that “we are in the process of beginning termination proceedings.” (emphasis ours).
IsThis ongoing correspondence indicates it was not clear to either the Department or Temple what his status was or if the Department had taken any final, appealable action against Temple. With no written notice to Temple and with no clear understanding or statement by the Department of Temple’s status or standing, there was insufficient knowledge by Temple to place him on notice of an official administrative action. This assignment is without merit.
CONCLUSION
For the foregoing reasons, the action of the Commission is affirmed. All costs of this appeal, in the amount of $293.60, are to be paid by the Department.
AFFIRMED.
LOTTINGER, C.J., concurs.