UMEKKI GREEN
v.
LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER-SHREVEPORT, SWANSON CORRECTIONAL CENTER FOR YOUTH
No. 2006 CA 2437
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
NOT DESIGNATED FOR PUBLICATION
UMEKKI GREEN MONROE, Plaintiff/Appellee In Proper Person.
WILLIAM A. NORFOLK, Baton Rouge, Counsel for Defendant/Appellant Louisiana State University Health Sciences Center-Shreveport, Swanson Correctional Center for Youth.
ROBERT R. BOLAND, Jr. BATON ROUGE, Counsel for Anne Soileau Director, Department of State Civil Service.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
Umekki Green was employed by Louisiana State University Health Sciences Center ("LSUHSC") as a Social Worker I with permanent status. On December 31, 2005, Ms. Green's license to practice social work expired. Consequently, on January 5, 2006, Ms. Green's supervisor, Kaye Clark, "verbally instructed her that she was being placed on leave without pay immediately and requested that she clock out."[1] Ms. Green obeyed.
Notably, Ms. Green was not given any written notice prior to her departure. Rather, a letter was composed later that day and mailed to Ms. Green's home address notifying her that she was being "placed on suspension without pay, effective January 5, 2006, pending verification of [her] licensure."[2]
On February 3, 2006, Ms. Green filed an appeal with the Louisiana State Civil Service Commission ("Commission") challenging LSUHSC's action. After examining the allegations contained within Ms. Green's appeal, a Commission referee subsequently sent written notice to LSUHSC stating:
While it appears that cause existed for LSUHSC to suspend Ms. Green from employment, the pleadings suggest that Ms. Green was not afforded the pre-deprivation notice and opportunity to respond required by Civil Service Rule 12.7, and that Ms. Green may not have received prospective notice of her suspension as required by Civil Service Rule 12.8. Given the circumstances surrounding Ms. Green's suspension, I am aware of no Civil Service Rule that authorized LSUHSC to suspend her without pay without complying with the notice requirements of [the Civil] Service Rules.
Therefore, you are hereby given 15 calendar days from the date...of this notice to explain in writing why I should not summarily grant [Ms. Green's] appeal due to the defect noticed above.
In its written response, LSUHSC submitted that although its letter to Ms. Green referred to "suspension without pay," no disciplinary action had been taken against her. Rather, it maintained that she had merely been "placed on 'Authorized Leave Without Pay' as she could not work until her license was renewed." LSUHSC further claimed that because "leave without pay is not a disciplinary action, the rules concerning [predeprivation] notice and prospective notice of the action do not apply."
On July 26, 2006, the referee issued his decision wherein he stated that in placing Ms. Green on leave without pay, LSUHSC had undertaken "a course of action that, while reasonable in appearance, was not in compliance with the Civil Service Rules." He apparently concluded that, pursuant to Civil Service Rules 1.20[3] and 11.27,[4] LSUHSC lacked the authority to impose "leave without pay" because Ms. Green had not been absent without approval. He noted that LSUHSC could have disciplined Ms. Green or could have removed her pursuant to Civil Service Rule 12.6(b)[5]; however, either of these options would have required LSUHSC to afford Ms. Green pre-deprivation procedures under Civil Service Rule 12.7[6] as well as prospective written notice pursuant to Civil Service Rule 12.8.[7] Because LSUHSC failed to employ an option sanctioned by the Civil Service Rules, the referee determined that LSUHSC had acted improperly. Accordingly, the referee summarily granted Ms. Green's appeal and awarded her back pay, with interest, for the period she was on unpaid leave.
Thereafter, LSUHSC filed an application for review with the State Civil Service Commission ("Commission"). Its application was denied and the referee's decision became the final decision of the Commission. This appeal followed.
After a thorough examination of the record herein and the controlling law, we are unable to say that the Commission's decision in this matter was arbitrary, capricious, or an abuse of discretion. In brief, LSUHSC essentially concedes that the Civil Service Rules do not expressly permit it to impose leave without pay status on an employee whose license has expired; however, it argues that no Civil Service Rule prohibits it from imposing such leave either. We find such an argument to be contrary to the well-settled maxim of interpretation: inclusio unius est exclusion alterius. In addressing the nearly verbatim State Police Commission Rules pertaining to leave without pay, this court previously noted:
Clearly, from a complete reading of the rule regulating Leave of Absence Without Pay, this leave status is initiated by the employee, unless imposed by the appointing authority for an unapproved absence. [The employee herein] did not request Leave Without Pay, nor was it imposed for an unapproved absence.
The State Police Commission Rules do not recognize or include a Mandatory Leave Without Pay status.... When the Department imposed Leave of Absence Without Pay status on [the employee] it was improper and in violation of the State Police Commission Rules.
Department of Public Safety and Corrections, Office of State Police v. Temple, 638 So.2d 1173, 1175 (La.App. 1 Cir. 1994). Accordingly, we find that LSUHSC's argument is without merit.
Alternatively, LSUHSC asserts that imposing leave without pay upon Ms. Green was the only viable procedure it could utilize given the "constitutional prohibition against paying employees who perform no work." However, we find its argument that Ms. Green "could not, legally, do any work" because she was not a licensed social worker, to be specious. The record reflects that Ms. Green had worked at LSUHSC both as a student employee and as a classified employee during periods of time in which she was not licensed. Moreover, LSUHSC offered absolutely no reason why Ms. Green could not have been detailed to special duty to temporarily perform work other than that of a social worker pending verification of her license.[8]
While we fully agree with LSUHSC that Ms. Green was prohibited from performing the duties of a social worker without possessing the required license, we likewise concur with the referee's conclusion that LSUHSC failed to address the matter by utilizing an option authorized by the controlling Civil Service Rules. The Civil Service rules have a purpose and should be followed. Creative sanctions are not favored in this context. Therefore, we hereby affirm the decision of the Commission in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B. Louisiana State University Health Sciences Center is cast with the costs of this appeal in the amount of $119.50.
AFFIRMED.
NOTES
[1] LSUHSC submitted copies of several email communications transmitted by Ms. Clarke wherein she states this and other pertinent facts surrounding the incident.
[2] Ms. Green took the examination required to renew her license on January 27, 2006 and returned to work at LSUHSC on January 30, 2006. She ultimately resigned on March 20, 2006, effective March 31, 2006.
[3] According to Civil Service Rule 1.20, 'Leave of Absence Without Pay' means time off from work without pay granted by an appointing authority or imposed by an appointing authority for an unapproved absence.
[4] Civil Service Rule 11.27 provides, in pertinent part:

(a) An appointing authority may extend leave of absence without pay to an employee, provided that such leave shall not prolong the period of the employee's appointment.
* * * * *
(g) In addition to any disciplinary action which may be imposed against an employee for an unapproved absence, such employee may be placed on leave without pay by his appointing authority for the period of unapproved absence.
[5] Pursuant to Civil Service Rule 12.6(b), an employee may be non-disciplinarily removed "when the employee fails to obtain or loses, as a result of conduct that was not work related, a license, commission, certificate or other accreditation that is legally required for his job."
[6] Civil Service Rule 12.7 provides: "No permanent employee may be removed or subjected to any disciplinary action, other than an emergency suspension, until he has been given oral or written notice of the proposed action and the reasons therefor, a description of the evidence supporting the proposed action and a reasonable opportunity to respond thereto."
[7] Civil Service Rule 12.8(a) states, in part: "A permanent employee who is removed or subjected to any disciplinary action ...shall be given prior written notice."
[8] Civil Service Rule 1.13.1 defines 'Detail to Special Duty' as the temporary assignment of an employee to perform the duties and responsibilities of a position other than the one to which he is regularly assigned, without prejudice to his rights in and to his regular position.